IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KEITH MORRIS                                                                      PLAINTIFF

vs.                                                     CIVIL ACTION NO. 4:07cv125-JCS

MATTIE COLLINS                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate in the custody of the Mississippi Department of Corrections, brought this section 1983 action alleging that Mattie Collins, a prison employee, failed to protect him from assault by another inmate. The parties have consented to jurisdiction by the undersigned. Presently before the court is Defendant's motion for summary judgment. Plaintiff has not responded to the motion. Having considered Plaintiff's verified complaint, his sworn testimony at the *Spears* hearing, and Defendant's motion, with the supporting affidavit of Defendant, the court concludes that the motion should be granted and this action dismissed with prejudice.

Plaintiff alleged that on March 7, 2007, another inmate, Danny Irby, pushed him while they were in the dining hall and tried to take his meal tray. Irby told Morris that once they were back in the zone, he intended to beat Plaintiff and to bite him. After Irby and Morris, returned to the unit, Irby carried through on his threat, hitting Plaintiff and biting him on both sides of the face. Plaintiff's injuries required fifteen stitches. According to Plaintiff, Defendant Collins saw the incident in the dining hall but did nothing to protect Plaintiff from the subsequent attack by Irby.

The affidavit submitted by Defendant is lengthy and detailed. Officer Collins states that she saw Irby and Morris arguing in the dining hall. She approached them and told

them to stop arguing and to sit down.  Morris walked away and sat down, and in Officer Collins' opinion, the matter appeared to be concluded.  Officer Collins says she saw no physical contact between them and heard no one make any threats.  Plaintiff and Irby finished their meal, and Defendant observed no other problems.  She saw or heard nothing to indicate that Morris might be a threat to Plaintiff or that he planned to attack him.  Collins was not present at the attack in the zone.

In *Farmer v. Brennan*, 511 U.S. 825 (1994),  the United States Supreme Court recognized that prison officials have a duty to protect prisoners from violence at the hands of other inmates.  *Id.* at  833-44; *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004).  However,  to succeed on an Eighth Amendment failure-to-protect claim against a prison official, the inmate must establish that the conditions under which he was incarcerated posed a substantial risk of serious harm to him and that the prison official acted with "deliberate indifference" to the inmate's safety.  *Johnson*, 385 F.3d at 524 (citing *Farmer*, 511 U.S. at 834) .  An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer* at 834).

The uncontraverted evidence establishes that Defendant Collins did not know, and had no reason to know, that Irby planned to attack Plaintiff.  Plaintiff has failed to come forward with any evidence that Collins acted with deliberate indifference to a substantial risk of serious harm to Plaintiff.  Because there is no genuine issue of material fact, Defendant is entitled to judgment as a matter of law.

Accordingly, Defendant's motion is hereby granted. A separate judgment will be entered.

So ordered and adjudged, this the 8th day of April, 2009.

/s/ James C. Sumner

_____
UNITED STATES MAGISTRATE JUDGE